# NATIONAL LABOR RELATIONS BOARD v. CAROLINE MILLS, Inc.

No. 11590.

Circuit Court of Appeals, Fifth Circuit.

Dec. 30, 1946.

As Modified on Denial of Rehearing Feb. 10, 1947.

David A. Morse, Gen. Counsel, N.L.R.B., and A. Norman Somers, Asst. Gen. Counsel, N.L.R.B., both of Washington, D. C., and Paul E. Kuelthau, Regional Atty., N.L. R. B., of Atlanta, Ga., for petitioner.

Shirley C. Boykin, of Carrollton, Ga., and John Wesley Weekes, of Decatur, Ga., for respondent.

Before SIBLEY, HOLMES and WALLER, Circuit Judges.

PER CURIAM: An election was conducted by the National Labor Relations Board to determine whether or not the Textile Workers Union of America (hereinafter called "the Union"), would be the representative of a majority of the Respondent's employees for the purpose of collective bargaining. The representatives of the Board, of the Union, and of the Respondent, certified that the election, which the Union lost by a vote of 143 to 40, had been fairly and properly held. The Union filed objections alleging that the Respondent had engaged in unfair labor practices that affected the outcome of the election and that it should be set aside. A hearing was held at the opening of which an attorney selected by, and representing, one hundred of the employees intervened in the case and filed a petition protesting against effort to have the election set aside.

Evidence was taken in behalf of the Board, the Respondent, and the intervening employees. The Examiner and the Board held that there had been unfair labor practices which the Respondent was or-

---

794

dered to cease and desist. The election was ordered set aside.

In Jacksonville Paper Company v. National Labor Relations Board, 5 Cir., 137 F.2d 148, 152, we said:

"The Act does not take away the employer's right to freedom of speech. The constitutional right of freedom of speech could not be so abridged as to preclude an employer from expressing his views on labor policy or problems so long as such utterances do not, by reason of other circumstances, have a coercive effect on employees. National Labor Relations Board v. Virginia E. & P. Company, 314 U.S. 469, 62 S.Ct. 344, 86 L.Ed. 348. We take it that an employer has the right to express his hostility to the Union if he has any. He has a right to express his opinion of the leaders of the Union, be that opinion good or bad. He is not precluded by the Act from inquiring or being informed as to the progress of the efforts at unionization. He has a right to inquire if the Union was organized or if it has 'washed up', but the employer cannot under the Act use that constitutional right of freedom of speech threateningly or 'coercively, and especially when he has within himself the power to enforce his threats. He has the right to disparage the Union, but he does not have the right to discharge or threaten to discharge, or discriminate against, an employee for union membership or activities. He does not have the right to discriminate between union and non-union employees with the purpose and intent of preventing the free exercise of their right to join the Union. He cannot, while unionization is in progress or in immediate contemplation, discharge one or more employees without cause but for the purpose of having it as an example 'to all others in like case offending' and to have the example hang over the heads of his other employees like the sword of Damocles. The Act does not prevent him from firing a man for cause or from refusing to hire one for good and sufficient reasons."

In the light of the constitutional right of freedom of speech as announced in National Labor Relations Board v. Virginia E. & P. Company, 314 U.S. 469, 62 S.Ct. 344, 86 L.Ed. 348, and our own holding in the Jacksonville Paper Company case, we have carefully considered this case and find that although there was opposition by the management to the Union it was not evidenced by threats, coercion, or oppression.

The petition for the enforcement of the order of the Board is denied.